UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

R.I.,

Petitioner,

v.

MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,

Respondents.

No.  1:25-cv-01637-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

This habeas action concerns the re-detention of petitioner R.I., a noncitizen who was initially detained and then released in 2022 by immigration authorities, but who was recently re-detained.

On November 24, 2025, petitioner filed a petition for writ of habeas corpus, (Doc. 1), and a motion for temporary restraining order, (Doc. 2). Petitioner argues that his re-detention without a pre-deprivation bond hearing violates the Due Process Clause.

On December 31, 2025, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. (Doc. 12.) The matter was referred to the undersigned for further proceedings.

1

On January 26, 2026, the Court issued an order directing the parties to advise the Court whether they wished to provide additional briefing or whether they wished to stand on the submissions to date. (Doc. 13.) On January 30, 2026, the parties advised the Court that they wished to stand on their submissions.

Petitioner alleges he was denied his due process rights when he was re-detained without a pre-deprivation bond hearing. In the order granting the preliminary injunction, the Court agreed with Petitioner. For the same reasons stated in the order, (Doc. 12 at 5-14), and in other analogous cases, see Ramazan M. v. Andrews, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); N.T. v. Wofford, No. 1:25-CV-02083-KES-SKO (HC) (E.D. Cal. Jan. 8, 2026), the petition should be granted.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: __**February 4, 2026**__               ____/s/ *Sheila K. Oberto*_____
                                            UNITED STATES MAGISTRATE JUDGE