# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

R.I.,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

Case No. 1:25-cv-01637-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**

(Doc. 20)

FOURTEEN-DAY DEADLINE

Petitioner R.I. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20). Respondents did not file an opposition. (*See* Docket). Respondents' failure to file an opposition is construed by this Court as non-opposition to the motion. *See* E.D. Cal. L. R. 230(c).]

This motion was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that Petitioner's motion for EAJA fees be granted.

### I. BACKGROUND

Following the parties' briefing on the merits of Petitioner's petition, on May 4, 2026, the Court granted the petition and ordered that Respondents release Petitioner immediately, finding that Petitioner had a protected liberty interest and that due process requires a pre-deprivation hearing.

(Doc. 15; *see also* Doc. 16). Judgment for Petitioner was entered thereafter. (Doc. 18).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

Petitioner argues: (1) they are a prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make an award unjust. (Doc. 20 at 6–14). As such, Petitioner requests $8,049.33 in attorney's fees. This figure is made up of a combined request for (1) fees pursuant to the statutory rate, adjusted for inflation, for work performed by one associate attorney in 2026; (2) a request $600 per hour for managing attorney Santanna based on a claimed entitlement to a special factor enhancement, in addition to (3) $150 per hour for paralegal time. (*Id.* at 14–20; Doc. 20-1; Doc. 20-3). Petitioner's counsel has submitted various declarations from attorney's knowledgeable about the market rates and availability of attorneys for cases similar to the ones at bar for the purposes of establishing the appropriateness of the special factor enhancement rate. (*See* Doc. 20-4; Doc. 20-5; Doc. 20-6; Doc. 20-7; Doc. 20-8).

### A. Merits

Petitioner specifically argues they are a prevailing party because the Court granted Petitioner's habeas petition. (Doc. 20 at 8–9). Petitioner argues the Court's ruling compelled Petitioner's release from immigration custody and rejected Respondents' underlying legal positions on the merits, which constitutes a judicially sanctioned success of the type contemplated by EAJA. (*Id.* at 9). The undersigned agrees with Petitioner that they are a prevailing party. *See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding that a material alteration in the relationship between the parties such as the plaintiff receiving at least some relief on the merits of his claim qualifies him as a prevailing party).

As to whether the government's position was substantially justified, Petitioner specifically

argues the government cannot show that its position has a reasonable basis in both law and fact because the Court concluded "concluded that the government's position violated the statutes and exceeded the bounds of the Fifth Amendment of the constitution and required judicial intervention to correct unlawful." (Doc. 20 at 12). Respondents did not oppose Petitioner's motion, thus, to the extent Respondents disagree with Petitioner's argument, the undersigned finds Respondents fail to meet their burden that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–570 (9th Cir. 1995) (holding the burden is on the government to establish substantial justification for its position). Moreover, as Petitioner points out, the vast majority of courts in this Circuit, including this one, have repeatedly rejected Respondents' position. *See*, *e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *N.T. v. Wofford*, No. 1:25-CV-02083-KES-SKO (HC) (E.D. Cal. Jan. 8, 2026).

For the same reasons, the undersigned finds Respondents fail to meet their burden that there are special circumstances that would make an award of attorney's fees unjust.

**B. Fees**

Petitioner's counsel filed a declaration and an itemized billing record to reflect the hours worked for the present action. (Doc. 20-3). Petitioner utilized the Ninth Circuit's EAJA statutory maximum rates for associate attorney time. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/. The undersigned finds the time expended and rate reasonable as to the associate attorney's time at the statutory rate.

Petitioner also requests an hourly rate of $150 per hour of paralegal time, which is within the range of reasonable hourly rates for paralegals in the Fresno Division, *see*, *e.g.*, *Schmidt v. City of Modesto*, No. 1:17-cv-01411-DAD-MJS, 2018 WL 6593362, at *6 (E.D. Cal. Dec. 18, 2018) ("[T]he reasonable rate of compensation for a paralegal would be between $75.00 to $150.00 per hour, depending on experience."); *Allen v. Kijakazi*, No. 1:23-CV-0428-SKO, 2023 WL 6850154, at *2 (E.D. Cal. Oct. 17, 2023), and is permissible under the EAJA, *see Richlin Sec. Serv. v. Chertoff*, 553 U.S. 571, 578, 588–89 (2008) (paralegal fees may be awarded at prevailing market rates under the EAJA). The undersigned likewise finds the time expended and rate reasonable as to the

paralegal's time at a rate of $150 per hour.

The undersigned lastly turns to Petitioner's counsel's request for the managing partner's rate to qualify for a special factor enhancement and be set at $600 per hour. (Doc. 20 at 15–20). Petitioner contends the enhanced rate above the statutory cap of $125 per hour and the Ninth Circuit maximum of $258 per hour is appropriate based on the "limited availability of qualified attorneys for the proceedings involved" and "distinctive knowledge or specialized skill" pursuant to *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Specifically, Petitioner argues that her "distinct expertise and specialized skills in constitutional immigration law warrant enhancement of the maximum hourly rate," that there was "a need for and scarcity of attorneys with counsel for Petitioner's expertise in federal habeas immigration cases," and that attorneys with attorney Santanna's "specialized knowledge are not available at the adjusted statutory rate of $258.46." (Doc. 20 at 16–18).

Given that Respondents have offered no arguments in response to Petitioner's fee request generally, nor Petitioner's request for an enhanced rate, and in light of the extensive evidence Petitioner's counsel has produced in support of the enhanced rate, (*see* Doc. 20-4; Doc. 20-5; Doc. 20-6; Doc. 20-7; Doc. 20-8)—the undersigned recommends awarding the fees requested at the requested hourly rate for the time documented as expended by Petitioner's attorney. *See Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984) ("We decline to consider petitioner's further argument that the hours charged by respondents' counsel were unreasonable. As noted above, petitioner failed to submit to the District Court any evidence challenging the accuracy and reasonableness of the hours charged.").

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Petitioner's motion for the award of attorneys' fees, (Doc. 20), be GRANTED;
2. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $8,049.33; and
3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause

the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2026**

UNITED STATES MAGISTRATE JUDGE